286 P.2d 1057

**William L. BEEZLEY, Plaintiff and Appellant,**

v.

**Elias HANSEN, Defendant and Respondent.**

No. 8287.

Supreme Court of Utah.

Aug. 1, 1955.

W. R. Hutchinson, Salt Lake City, for appellant.

J. Grant Iverson, Salt Lake City, for respondent.

WADE, Justice.

This appeal is from a summary judgment in favor of Elias Hansen, defendant below and respondent herein, in an action for slander by William L. Beezley, plaintiff below and appellant herein. Therefore we must view the facts as claimed by plaintiff and are not concerned with whether the claimed defamation was actually uttered nor whether it was true or false. Affirmed.

From the record which consists of pleadings and affidavits, it appears that Ella H. Beezley, who is the daughter of respondent, had commenced an action for divorce

against appellant herein. Both respondent and appellant are attorneys-at-law. Ella Beezley had consulted with her father about the divorce and he had advised her to get another attorney of record since he might have to be a witness. She did obtain an attorney of record in the divorce proceedings but continued to seek legal advice from respondent and in an affidavit on these proceedings stated that at all times relevant to this case there existed the relationship of attorney and client between respondent and herself and that while such relationship existed she consulted with respondent about a counterclaim filed by appellant in her divorce action in which appellant sought to have awarded to him ½ of her interest in a certain apartment house which she owned in common with respondent, partly on the ground that she held such interest in trust for appellant because he had made payments on another property in which title had been placed in the names of both appellant and his wife. She sought the advice of respondent whether appellant could prevail in his counterclaim and she also requested him to find any cancelled checks which respondent had given to her and which she in turn had given to her husband to apply on payments of the property, title to which had been taken in both their names. During the course of this consultation and with no one else present other than respondent and Ella Beezley he told her that her husband was not fair and honest with her if he denied that she made those payments. The statement that appellant wasn't honest if he denied that his wife made the payments on the property was repeated by respondent upon questioning concerning that statement in a deposition of the divorce proceedings where respondent herein had been made a third party defendant and wherein he was produced as a witness at the request of William L. Beezley.

Since it appears from the pleadings and affidavits that the relationship of attorney and client existed at the time the allegedly slanderous words were published in the presence of only the attorney and his client and pertained to the suit, such publication was absolutely privileged and the court did not err in granting the summary judgment. See Restatement of the Law of Torts, Vol. 3, Sec. 586, pages 229–30 wherein it is stated:

"An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto.

"a. The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute. It protects the attorney from liability in an action for defamation

irrespective of his purpose in publishing the defamatory matter, his belief in its truth or even his knowledge of its falsity. These matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer. The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary thereto. The institution of a judicial proceeding includes all pleadings and affidavits necessary to set the judicial machinery in motion. The conduct of the litigation includes the examination and cross-examination of witnesses, comments upon the evidence and arguments both oral and written upon the evidence, whether made to the court or jury."

Respondent's admission that he made such a statement in a deposition taken by appellant was also absolutely privileged because it was made in answer to questions asked on behalf of appellant in proceedings wherein the testimony given might under certain circumstances be admitted as evidence in the trial of the case. Had this statement been made by respondent as a witness at the actual trial there could be no claim that it would not be absolutely privileged. See Restatement of the Law of Torts, Vol. 3, Sec. 588, page 233 wherein it is stated:

"A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto.

"a. The function of witnesses is of fundamental importance in the administration of justice. The final judgment of the tribunal must be based upon the facts as shown by their testimony, and it is necessary therefore that a full disclosure be not hampered by fear of private suits for defamation. The compulsory attendance of all witnesses in judicial proceedings makes the protection thus accorded the more necessary. The witness is subject to the control of the trial judge in the exercise of the privilege. For abuse of it, he may be subject to criminal prosecution for perjury and to punishment for contempt.

"b. The rule stated in this Section protects a witness while testifying. It is not necessary that he give his testimony under oath; it is enough that he is permitted to testify. It also protects him while engaged in private conferences with an attorney at law with reference to proposed litigation, either civil or criminal."

The same reasoning should apply to answers given by a witness in a deposition.

It is to be noted that the portions of the Restatements hereinabove quoted extend further than it is necessary for us to go in deciding that the alleged statements of respondent are privileged.

Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.